UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO PRADO,<br><br>   Petitioner,<br><br>  v.<br><br>KEN CLARK, Warden<br><br>   Respondent. | 1:08-cv-01012 OWW YNP (DLB) (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. #12] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

On September 17, 1999, Petitioner was sentence to an indeterminate term of four consecutive terms of life with the possibility of parole.

Petitioner appealed to the California Court of Appeal, Fifth Appellate District, who affirmed the conviction. (Lodged Docs. 2-7). The California Supreme Court denied review on July 21, 2004. (Lodged Docs. 8-9).

Petitioner, though counsel, filed a series of petitions for writ of habeas corpus in the state court. On October 9, 2005, Petitioner filed a petition with the Tulare County Superior Court. (Lodged Doc. 10). The petition was denied on October 25, 2005. Petitioner filed his second petition in the California Court of Appeal, Fifth Appellate District on March 2, 2006. (Lodged Doc. 12).

That petition was denied on February 22, 2007. On June 19, 2007, Petitioner filed a third petition with the California Supreme Court; which was denied on June 11, 2008.

Petitioner has filed two petitions for writ of habeas corpus with the Federal Court. The first was a protective petition filed on October 9, 2005, the same day the superior court petition, and was coupled with a motion to stay the case and hold all claims in abeyance while Petitioner exhausted in state court. (Lodged Doc. 16). On April 13, 2006, the petition was dismissed without prejudice due to Petitioner's failure to exhaust his claims in the state supreme court. (Lodged Docs. 17-18). After taking his claims through the state court system, Petitioner filed the instant petition on July 8, 2008.[1]

**DISCUSSION**

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, the conviction challenged arises out of the Tulare County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the AEDPA, which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320

---

[1] Although the petition was filed in the Federal Court on July 16, 2008, the petition was dated July 8, 2008. In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the prison mailbox rule, the Court deems the petition filed on July 8, 2008, the date Petitioner presumably handed his petition to prison authorities for mailing. All documents filed by Petitioner will adhere to the prison mailbox rule unless otherwise stated.

(1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

**II. Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." *See* Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. *See, e.g.*, O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitation period.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**III.  Limitation Period for Filing a Petition for Writ of Habeas Corpus**

The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. at 117; Jeffries v. Wood, 114 F.3d at 1499. As noted above, the instant petition is subject to the requirements laid out in the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

  The Ninth Circuit has held that "'§ 2244's one-year limitation period applies to all habeas petitions filed by persons in custody pursuant to the judgment of a State Court' even if the petition challenges an administrative decision rather than a state court judgment." Eric v. Shelby, 391 F.3d 1061, 1062 (9th Cir. 2004).

  In most cases, the limitation period begins running on the date that the petitioner's direct review became final. When a petitioner has sought all levels of direct review in the state court, a judgement becomes final after completion of certiorari proceedings in the United States Supreme Court or after the expiration of the time for filing a writ of certiorari. Clay v. United States, 537 U.S. 522, 524-25, 527 (2003). After the California Supreme Court denied review, Petitioner had ninety days in which to filed a writ of certiorari. The state supreme court denied the petition on July 21, 2004, giving Petitioner until October 19, 2004, to file for a writ of certiorari with the United States Supreme Court. When Petitioner failed to do so by the deadline, the state court's decision became final and the one year limitation period began to run on October 20, 2004. Absent any applicable tolling, Petitioner had until October 19, 2005, by which to file a petition for writ of habeas corpus in the Federal District Court.

**IV. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

  Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

1  for state post-conviction or other collateral review with respect to the pertinent judgment or claim is
2  pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In
3  <u>Carey v. Saffold</u>, the Supreme Court held the statute of limitations is tolled where a petitioner is
4  properly pursuing post-conviction relief, and the period is tolled during the intervals between one
5  state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the
6  state court system. <u>Carey v. Saffold</u>, 122 S.Ct. 2134, 2135-36 (2002); <u>see also</u> <u>Nino v. Galaza</u>, 183
7  F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); <u>Welch v. Newland</u>, 267 F.3d
8  1013, 1016 (9th Cir. 2001) ("tolled period includes intervals between the disposition of a state court
9  petition and the filing of a subsequent petition at the next state appellate level"); <u>Patterson v.</u>
10 <u>Stewart</u>, 251 F.3d at 1247 (stating that the "AEDPA's one-year grace period is tolled during the
11 pendency of properly filed state petitions challenging the judgment or claim at issue."); <u>cf</u>. <u>Dils v.</u>
12 <u>Small</u>, 260 F.3d 984, 986 (9th Cir. 2001) (Court found no tolling between consecutive filings at the
13 same level); <u>Lewis v. Mitchell</u>, 173 F.Supp.2d 1057, 1061 (C.D. Cal.2001) (holding that the interval
14 between a motion for sentence modification in the state superior court and a habeas petition in the
15 superior court was not tolled pursuant to 28 U.S.C. § 2244(d)(2)).

16      The limitation period is tolled while a "properly filed application for state post-conviction or
17 other collateral review with respect to the pertinent judgment or claim is pending." <u>Pace v.</u>
18 <u>DiGuglielmo</u>, 544 U.S. 408, 410 (2005).  "A state post conviction petition rejected by the state court
19 as untimely" cannot be considered "properly filed." <u>Id</u>.   Petitioner filed his Superior Court petition
20 for writ of habeas corpus on February 21, 2007; which is 260 days after the one year limitation
21 period began to run. The Superior Court denied the petition for failure to exhaust administrative
22 remedies; citing <u>In re Dexter</u>, 25 Cal.3d 921, 925 (1979).  Failure to exhaust, however, does not
23 mean the petition was improperly filed. Procedural deficiencies do not render a petitioner improperly
24 filed so long as its "delivery and acceptance are in compliance with the applicable laws and rules
25 governing filings." <u>Atruz v. Bennett</u>, 531 U.S. 4, 8 (2000).

26      Petitioner filed his first state habeas petition and his first federal petition on the last day of the
27 limitation period, October 19, 2005.  Respondent contends that the time during which this petition
28 was in the superior court cannot be tolled because the petition was not properly filed.  (MTD at 4).

Respondent argues that the Tulare County Superior Court "expressly found that Petitioner failed to raise the issues 'in a timely manner' and cited to In re Clark, 5 Cal.4th 750, 765 n.5 (1993) and In re Robbins, 18 Cal.4th 770, 780 (1998)." (Id.)  The United States Supreme Court is clear that a post-conviction petition that has been found to be untimely by the state court cannot be considered "properly filed" and is therefore not entitled to statutory tolling under § 2244(d)(2)," Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).  Here, the Tulare County Superior Court ruled that Petitioner did not file his state habeas petition in a timely manner; therefore, the petition is not "properly filed" and cannot receive statutory tolling.  Because the superior court petition is not entitled to tolling, the statute of limitation expired on October 19, 2005; after which Petitioner could no longer file a petition in the federal court.

Petitioner argues that the instant petition should be considered to have been filed on October 19, 2005, because the "2008 petition is just a continuation of the first federal petition after it was dismissed for failure to exhaust sate court remedies." (Opposition to MTD at 4).  This argument is completely misguided because the only way the instant petition could be a continuation of the October 19, 2005, petition would be if the case was stayed and the claims were held in abeyance by this Court.  The Court in fact considered this issue and specifically declined to stay the case in the 2006 dismissal order.  The instant petition is not an extension of the October 19, 2005, federal petition and, therefore, does not toll the statute of limitations.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

1  Recommendation." Replies to the Objections shall be served and filed within ten (10) <u>court</u> days
2  (plus three days if served by mail) after service of the Objections. The Finding and
3  Recommendation will then be submitted to the District Court for review of the Magistrate Judge's
4  ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections
5  within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v.</u>
6  <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

       IT IS SO ORDERED.

       **Dated:**   **August 19, 2009**             **/s/ Dennis L. Beck**
                                                           UNITED STATES MAGISTRATE JUDGE

E. D. California

7