1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   ALEJANDRO PRADO,                          1:08-cv-1012-AWI-SAB (HC)

10                        Petitioner,         ORDER DENYING PETITIONER'S MOTION
                                              FOR RECONSIDERATION
11          v.
                                              [ECF No. 32]
12
     KEN CLARK,
13
                        Respondent.
14   _____/

15

16          On September 24, 2009, the instant petition for writ of habeas corpus filed pursuant to 28

17   U.S.C. § 2254 was dismissed with prejudice.  Pursuant to the Ninth Circuit's order dated January

18   25, 2013, Petitioner's application for leave to file a second or successive habeas corpus petition

     and supplemental documents have been construed as notice of appeal and appeal was processed
19
     to the Ninth Circuit, with a filing date of September 12, 2012.[1]
20

21          Petitioner previously filed two petitions for writ of habeas corpus in this Court.  The first

22   action was filed on October 19, 2005, in case number 1:05-cv-01316-AWI-SMS (HC).

     Petitioner requested a stay in that action.  On February 8, 2006, Findings and Recommendations
23
     issued recommending denial of the request for a stay and dismissal of the petition because the
24
     Court was without jurisdiction to stay the action as the petition did not contain any exhausted
25

26   _____

27      [1] "As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects
     of the case involved in the appeal." Stein v. Wood, 127 F.3d 1187, 1189 (9th Cir. 1997).  The district court,
28   however, does retain jurisdiction to adjudicate post-judgment matter such as post-judgment motions under Federal
     Rule of Civil Procedure 59 and 60.  See Stone v. INS, 514 U.S. 386, 402-403 (1995).

claims.  After Petitioner filed objections, the recommendations were adopted and the petition was dismissed without prejudice on April 13, 2006.

The second action was filed on July 16, 2008, in this action, case number 1:08-cv-01012-AWI-DLB (HC). On August 19, 2009, Findings and Recommendations were issued recommending to grant Respondent's motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d).  After Petitioner filed objections, the recommendations were adopted and the case was dismissed with prejudice on September 24, 2009.

Now pending before the Court is Petitioner's motion for reconsideration filed on January 2, 2013.  Respondent filed an opposition on January 25, 2013.

## DISCUSSION

In his motion, Petitioner contends that his first federal habeas petition filed in this Court in case number 1:05-cv-01316-AWI-SMS was improperly dismissed rather than stayed. Petitioner seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(6), referred to as the catch-all provision, the Court may, upon motion, relieve a party from a final order or judgment. As the moving party, the petitioner "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion."  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations and citation omitted).  The "Rule is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."  Id. (internal quotations and citation omitted).  In addition, a rule 60(b)(6) motion must be brought "within a reasonable time."  Fed. R. Civ. P. 60(b).

First, Petitioner's Rule 60(b)(6) motion is untimely because it was not filed within a reasonable time from the date of dismissal.  The determination of reasonable depends on the facts of the case and the reasons offered for the delay along with any prejudice to the opposing party. In re Pacific Far East Lines, Inc., 889 F.2d 242, 249 (9th Cir. 1989). The first petition was dismissed on April 13, 2006, and the second petition was dismissed on September 24, 2009. Petitioner did not file the instant motion for reconsideration until January 2, 2013-more than six years afer the dismissal of the first action and more than three years after dismissal of the second

1    petition.  This was an unreasonable delay and Petitioner offers no explanation for such delay.

2    Unexplained delays of approximately two years have routinely been found unreasonable.  See In

3    Re Hammer, 940 F.2d 524, 526 (9th Cir. 1991) (two-year delay unreasonable); Morse-Starrett

4    Products Co. V. Steccone, 205 F.2d 244, 249 (9th Cir. 1953).

5         In any event, even if the motion is considered timely, there is no showing of extraordinary

6    circumstances.  As previously stated Rule 60(b)(6) is only to be used infrequently as equitable

7    relief from manifest injustice, and such relief is rarely available in the habeas corpus context.

8    Gonzalez v. Crosby, 545 U.S. 524, 535 (2005); United States v. Alpine Land & Reservoir Co.,

9    984 F.2d 1047, 1049 (9th Cir. 1993).  To justify relief, the moving party must show both injury

10    and that circumstances beyond his control prevented him from pursuing such relief in a proper

11    fashion.  Community Dental Services v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002).

12         In his motion, Petitioner continues to argue that the Court erred by dismissing the first

13    petition for writ of habeas corpus rather than staying the action.  However, Petitioner has

14    previously presented this argument to the Court on numerous occasions in both federal actions,

15    and the Court has addressed and rejected Petitioner's claim.  (1:05-cv-01316-AWI-SMS (HC) at

16    ECF No. 1, 4, 6-8, 10-14, 17-19, 21, 22-23, 26, 30.)  Petitioner fails to present any new factual or

17    legal basis that justifies reinstatement of either the first or second federal action.  The first

18    petition was properly dismissed for failure to exhaust the state court remedies.  There is no

19    evidence that Petitioner was precluded by some circumstance beyond his control from properly

20    exhausting all claims of his first federal petition and presenting them to this Court in a timely

21    manner.  Contrary to Petitioner's claim, the stay and abeyance procedure set forth in Rhines v.

22    Weber, 544 U.S. 269 (2005), was properly applied in the first habeas petition, and there is no

23    showing of extraordinary circumstances to warrant relief under Rule 60(b)(6).  Thus, Petitioner's

24    motion for reconsideration is DENIED.

25    IT IS SO ORDERED.

26

Dated:    February 11, 2013          _____

27                                  SENIOR DISTRICT JUDGE

28