# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO PRADO, | 1:08-cv-1012-AWI-SAB (HC) |
|     Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
|   v. | [ECF No. 32] |
| KEN CLARK, | |
|     Respondent. | |

On September 24, 2009, the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 was dismissed with prejudice. Pursuant to the Ninth Circuit's order dated January 25, 2013, Petitioner's application for leave to file a second or successive habeas corpus petition and supplemental documents have been construed as notice of appeal and appeal was processed to the Ninth Circuit, with a filing date of September 12, 2012.[1]

Petitioner previously filed two petitions for writ of habeas corpus in this Court. The first action was filed on October 19, 2005, in case number 1:05-cv-01316-AWI-SMS (HC). Petitioner requested a stay in that action. On February 8, 2006, Findings and Recommendations issued recommending denial of the request for a stay and dismissal of the petition because the Court was without jurisdiction to stay the action as the petition did not contain any exhausted

---

[1] "As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." Stein v. Wood, 127 F.3d 1187, 1189 (9th Cir. 1997). The district court, however, does retain jurisdiction to adjudicate post-judgment matter such as post-judgment motions under Federal Rule of Civil Procedure 59 and 60. See Stone v. INS, 514 U.S. 386, 402-403 (1995).

1  claims.  After Petitioner filed objections, the recommendations were adopted and the petition was
2  dismissed without prejudice on April 13, 2006.
3       The second action was filed on July 16, 2008, in this action, case number 1:08-cv-01012-
4  AWI-DLB (HC). On August 19, 2009, Findings and Recommendations were issued
5  recommending to grant Respondent's motion to dismiss the petition as untimely under 28 U.S.C.
6  § 2244(d).  After Petitioner filed objections, the recommendations were adopted and the case was
7  dismissed with prejudice on September 24, 2009.
8       Now pending before the Court is Petitioner's motion for reconsideration filed on January
9  2, 2013.  Respondent filed an opposition on January 25, 2013.
10                                   DISCUSSION
11      In his motion, Petitioner contends that his first federal habeas petition filed in this Court
12 in case number 1:05-cv-01316-AWI-SMS was improperly dismissed rather than stayed.
13 Petitioner seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(6), referred to as the
14 catch-all provision, the Court may, upon motion, relieve a party from a final order or judgment.
15 As the moving party, the petitioner "must demonstrate both injury and circumstances beyond his
16 control that prevented him from proceeding with the action in a proper fashion." Harvest v.
17 Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations and citation omitted).  The "Rule
18 is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized
19 only where extraordinary circumstances prevented a party from taking timely action to prevent or
20 correct an erroneous judgment." Id. (internal quotations and citation omitted).  In addition, a rule
21 60(b)(6) motion must be brought "within a reasonable time." Fed. R. Civ. P. 60(b).
22      First, Petitioner's Rule 60(b)(6) motion is untimely because it was not filed within a
23 reasonable time from the date of dismissal.  The determination of reasonable depends on the facts
24 of the case and the reasons offered for the delay along with any prejudice to the opposing party.
25 In re Pacific Far East Lines, Inc., 889 F.2d 242, 249 (9th Cir. 1989). The first petition was
26 dismissed on April 13, 2006, and the second petition was dismissed on September 24, 2009.
27 Petitioner did not file the instant motion for reconsideration until January 2, 2013-more than six
28 years afer the dismissal of the first action and more than three years after dismissal of the second

petition. This was an unreasonable delay and Petitioner offers no explanation for such delay. Unexplained delays of approximately two years have routinely been found unreasonable. See In Re Hammer, 940 F.2d 524, 526 (9th Cir. 1991) (two-year delay unreasonable); Morse-Starrett Products Co. V. Steccone, 205 F.2d 244, 249 (9th Cir. 1953).

In any event, even if the motion is considered timely, there is no showing of extraordinary circumstances. As previously stated Rule 60(b)(6) is only to be used infrequently as equitable relief from manifest injustice, and such relief is rarely available in the habeas corpus context. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005); United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). To justify relief, the moving party must show both injury and that circumstances beyond his control prevented him from pursuing such relief in a proper fashion. Community Dental Services v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002).

In his motion, Petitioner continues to argue that the Court erred by dismissing the first petition for writ of habeas corpus rather than staying the action. However, Petitioner has previously presented this argument to the Court on numerous occasions in both federal actions, and the Court has addressed and rejected Petitioner's claim. (1:05-cv-01316-AWI-SMS (HC) at ECF No. 1, 4, 6-8, 10-14, 17-19, 21, 22-23, 26, 30.) Petitioner fails to present any new factual or legal basis that justifies reinstatement of either the first or second federal action. The first petition was properly dismissed for failure to exhaust the state court remedies. There is no evidence that Petitioner was precluded by some circumstance beyond his control from properly exhausting all claims of his first federal petition and presenting them to this Court in a timely manner. Contrary to Petitioner's claim, the stay and abeyance procedure set forth in Rhines v. Weber, 544 U.S. 269 (2005), was properly applied in the first habeas petition, and there is no showing of extraordinary circumstances to warrant relief under Rule 60(b)(6). Thus, Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   February 11, 2013

SENIOR DISTRICT JUDGE